## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 11-18133 |
| P&P REALTY, INC., d/b/a RE/MAX TEAM | ) | |
| 2000, | ) | Hon. Carol A. Doyle |
| | ) | |
| Debtor. | ) | **Hearing Date: October 9, 2013** |
| | ) | **Hearing Time: 10:30 a.m.** |

**SECOND AND FINAL FEE APPLICATION OF FOX, SWIBEL, LEVIN & CARROLL,
LLP, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
SEPTEMBER 1, 2011 THROUGH JULY 12, 2013**

Fox, Swibel, Levin & Carroll, LLP[1] ("FSLC"), general bankruptcy counsel to N. Neville

Reid, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") for the

bankruptcy estate (the "Estate") of P&P Realty, Inc., d/b/a RE/MAX Team 2000 (the "Debtor"),

files this second and final application ("Application") for allowance and payment of an

administrative claim in the amount of $135,305.19, consisting of $132,575.00 in fees and

$2,730.19 in expenses, for the period of September 1, 2011 through July 12, 2013.  In support of

this Application, FSLC states the following:

### INTRODUCTION

1.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334.

This matter is a core proceeding within the meaning of § 157(b).  Venue is proper pursuant to 28

U.S.C. §§ 1408 and 1409.

2.      The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the

United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

---

[1] Prior to September 1, 2012 Fox Swibel Levin & Carroll, LLP was known as Fox Hefter Swibel Levin & Carroll, LLP.

Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3.      On April 28, 2011 (the "Petition Date"), the Debtor (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court").   Shortly thereafter, N. Neville Reid was appointed as chapter 7 trustee (the "Trustee") for the Debtor's bankruptcy Estate.

4.      On May 10, 2011, the Court entered a final order granting the Trustee's application to retain FSLC as general bankruptcy counsel, retroactive to April 28, 2011. [Dkt. 13.]

5.      On October 11, 2011, the Court entered an Order allowing the First Interim Application of Fox, Hefter, Swibel, Levin & Carroll, LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses for the Period April 29, 2011 through August 31, 2011 (the "First Compensation Application"). [Dkt. 95.]

## REQUESTED RELIEF

6.      FSLC files this Application to be allowed an administrative claim for its unpaid fees and expenses for work performed on behalf of the Trustee from September 1, 2011 through July 12, 2013 (the "Application Period").

7.      Attached as Exhibit A to this Application is a schedule of the name and position of each attorney and paralegal who has performed work for the Trustee for which compensation is sought, and the number of hours billed by each professional and his/her hourly billing rate.

8.      Attached as <u>Exhibit B</u> to this Application are the detailed billing records of FSLC, describing the actual, necessary services rendered and time expended for work performed on behalf of the Trustee during the Application Period and listing the actual, necessary expenses incurred by FSLC during the Application Period.

## PROFESSIONAL SERVICES RENDERED BY FSLC

9.      At the inception of the case, the Trustee took charge of a chaotic and highly distressed real estate business – one of the largest in the Chicago area.  The Debtor had numerous outstanding closings (many of which were yet to be scheduled by the Debtor's management) and over 100 anxious agents for much of the early to mid-stages of the case. The Trustee required frequent and extensive legal work to ascertain and answer a myriad of often complex legal issues relevant to his efforts to stabilize that business, deal with very concerned agents and structure rules and procedures consistent with bankruptcy law that effected closings, reduced the risk of circumvention of the Estate by certain agents and provided a sound legal basis for making some payments to the Debtor's former agents for post-petition closings.  As an operating chapter 7 (through March 31, 2012), the case paralleled the initial and mid-stages of an operating chapter 11, with much rapid and necessary activity to put the case on the proper legal track.

10.      Overall, FSLC's extensive legal work combined with the Trustee's own efforts and the work of the Trustee's financial advisor Ken Novak & Associates, Inc. ("<u>KNA</u>"), facilitated the smooth completion of post-petition closings that generated roughly $1.1 million in commission proceeds for the Estate, roughly $57,000 of which was recovered from agents who attempted to divert commissions from the estate.  In addition, the Trustee, FSLC and KNA recovered roughly $85,000 in general receivables. By March 2013, after contentious and lengthy discovery and settlement negotiations, the Trustee had also obtained a favorable settlement for

3

the estate with one of the Debtor's principal agents that resulted in substantial commissions[2] previously claimed by such agent as its exclusive property being released to the general estate for distributions.

11.    Finally, when feasible the Trustee made distributions to the estate's secured creditor (First Midwest Bank) and the Debtor's agents who cooperated with the estate's closing efforts as "approved agents" (structured as an administrative claim in the amount of 35% of the gross commission amounts related to such agent's closings; see agent retention program described in and approved by the pleadings set forth in Dkts. 61 and 92) in the amounts of $191,496.98 (in  December 2011) and $267,852 (between December 2011 and October 2012), respectively, in accordance with the 506(c) stipulation previously entered in this case (the "Stipulation"). [Dkt. 93].  Upon approval of this final report, the Trustee will make an additional distribution of $45,301.21 to the successor secured lender in this case (Cohen Financial, as assignee of First Midwest Bank; collectively, the "Secured Lender"), as a priority claim ahead of the agents (per the Stipulation), which will bring total distributions to the secured lender and agents in the case to $504,650.19.

12.    For this fee application, time records have been divided into five (5) uniform categories. The following chart sets forth those uniform categories, the total hours of legal services attributable to each category, and the total compensation for which FSLC seeks payment with respect to each category:

---

[2]    The actual dollar amount of commissions retained by the estate per the settlement is not revealed here since the settlement agreement and motion related thereto were filed under seal in this case.  However, such commissions retained by the estate were substantially in excess of the costs shown below related to the Kennedy matter.

| TASK CODE | CATEGORY | TOTAL HOURS | TOTAL FEES INCURRED |
|---|---|---|---|
| 1 | Taxes | 2.1 | $644.50 |
| 2 | Receivables | | |
| 2(a) | · RAPP | 37.2 | $10,141.00 |
| 2(b) | · Circumvention | 62.1 | $16,436.50 |
| 3 | Kennedy Investigation/Negotiation | 87.6 | $27,094.00 |
| 4 | General Administration | | |
| 4(a) | · FSLC Fee Application | 82.5 | $15,610.00 |
| 4(b) | · Novak Fee Application | 43.1 | $9,599.50 |
| 4(c) | · 506(c) Motion | 25.9 | $8,346.50 |
| 4(d) | · Other | 134.5 | $34,643.50 |
| 5 | Claims Administration | 45.4 | $10,059.50 |
| | **Total** | **520.4** | **$132,575.00** |

A spreadsheet of the detailed, itemized legal services rendered by FSLC to the Trustee by category is attached to this Application as Exhibit C[3].

## DESCRIPTION OF SERVICES RENDERED BY FSLC BY CATEGORY

13.     The following is a detailed description of the legal services rendered by FSLC in connection with each of the uniform categories.  Each description includes a chart summarizing who performed the legal services attributable to that category, the number of hours of services rendered, each person's billing rate and the total fees incurred in connection with the services provided by that person and for the category as a whole.  Partners are designated with a "P", counsels are designated with a "C", and associates are designated with an "A". Preceding each chart is a narrative that describes the tasks performed, the result sought to be achieved and the results actually achieved during the Application Period.

---

[3]     A small amount of the itemized time shown on the spreadsheet in the respective categories does not specifically relate to the indicated category (but was nonetheless incurred on the case).  Such time was not repositioned in the spreadsheet (i) for simplicity and (ii) in order to limit further costs of preparing this fee application.

## A.   TAXES

14.     During the Application Period, FSLC provided 2.1 hours of legal services to the Trustee with respect to tax administration, for which FSLC seeks allowance of $644.50 in fees. These tax administrative services include, but are not limited to, review of tax returns and determination of whether any tax was due.

|  | HOURS | RATE | TOTAL FEES INCURRED |
|---|---|---|---|
| **Attorneys** | | | |
| N. Neville Reid (P)[4] | .3 | $325 | $97.50 |
| Paul D. Patrow (P) | .4 | $340 | $136.00 |
| Ryan T. Schultz (P) | .9 | $315 | $283.50 |
| Elizabeth G. Peterson (A) | .5 | $255 | $127.50 |
| **TOTAL** | **2.1** | | **$644.50** |

## B.   RECEIVABLES/RAPP

15.     During the Application Period, FSLC provided 37.2 hours of legal services to the Trustee with respect to collection of unpaid desk fees and RE/MAX Alternative Payment Program ("RAPP") amounts due from the Debtor's former agents, for which FSLC seeks allowance of $10,141.00 in fees.  KNA identified the amount of the desk fees and RAPP owed by various agents, and FSLC worked with KNA to collect those amounts. FSLC negotiated with various agents regarding payments. Overall, collectively with FSLC and KNA, the Trustee collected roughly $85,000 in receivables (excluding the Kennedy and circumvention recoveries referenced below).

---

[4]     For most of the case, Neville Reid billed the estate at his normal standard hourly rate. For the time period covered by this fee application, and as an accommodation to the estate, Mr. Reid billed his time to the estate at $325/hour.  Mr. Reid's normal, undiscounted hourly rate during the Application Period ranged from $465 to $495 per hour. In addition, FSLC wrote off roughly $25,000 of legal time incurred in but not billed to the case (compare actual time records for the Application Period attached as Exhibit C ($158,082)  with amounts requested for allowance and payment herein ($132,575)).

|  | HOURS | RATE | TOTAL FEES INCURRED |
|---|---|---|---|
| **Attorneys** | | | |
| N. Neville Reid (P) | 11.2 | $325 | $3,640.00 |
| Ryan T. Schultz (P) | 3.7 | $315 | $1,165.50 |
| Elizabeth G. Peterson (A) | 17.8 | $255/$275 | $4,543.00 |
| **Paralegal** | | | |
| Anabelle D. Bouse | 4.5 | $175/$185 | $792.50 |
| **TOTAL** | **37.2** | | **$10,141.00** |

## C.    RECEIVABLES/CIRCUMVENTION

16.    During the Application Period, FSLC provided 62.1 hours of legal services to the Trustee investigating efforts by agents to circumvent payment of commissions to the Estate, and then recovering those commissions for the benefit of the Estate.  This work included gathering information about transactions that commenced prior to the Petition Date and closed with other brokerages after the Petition Date, preparation and service of subpoenas to various brokerages and insiders and reviewing the documents produced in response to the subpoenas in order to determine circumvention.  During the case, the Trustee, through FSLC as assisted by KNA, recovered and retained roughly $57,000 in circumvented commissions.

|  | HOURS | RATE | TOTAL FEES INCURRED |
|---|---|---|---|
| **Attorneys** | | | |
| N. Neville Reid (P) | 17.9 | $325 | $5,817.50 |
| Ryan T. Schultz (P) | 3.8 | $315/$335 | $1,213.00 |
| Elizabeth G. Peterson (A) | 29.0 | $255/$275 | $7,411.00 |
| **Paralegal** | | | |
| Anabelle D. Bouse | 11.4 | $175 | $1,995.00 |
| **TOTAL** | **62.1** | | **$16,436.50** |

## D.    KENNEDY INVESTIGATION AND NEGOTIATION

17.    During the Application Period, FSLC provided 87.6 hours of legal services to the Trustee with respect to investigating and negotiating with James Kennedy ("Kennedy"), for

which FSLC seeks allowance of $27,094.00 in fees.  The Trustee, through FSLC as assisted by

KNA, determined that Kennedy had retained various management fees which should have been

remitted to the Trustee as property of the estate. Kennedy disputed the Trustee's claim and had

further asserted that all of the commissions received by the estate from Kennedy's closings were

exclusive property of Kennedy. Through discovery and extensive settlement negotiations, the

Trustee obtained a settlement with Kennedy by which all such Kennedy commissions, which

were substantially in excess of the costs of the Kennedy litigation incurred by FSLC and KNA,

were retained by the estate.

| | HOURS | RATE | TOTAL FEES INCURRED |
|---|---|---|---|
| **Attorneys** | | | |
| N. Neville Reid (P) | 38.8 | $325 | $12,610.00 |
| Ryan T. Schultz (P) | 36.2 | $315/$335 | $11,461.00 |
| Elizabeth G. Peterson (A) | 9.4 | $255/$275 | $2,431.00 |
| **Paralegal** | | | |
| Anabelle D. Bouse | 3.20 | $175/$185 | $592.00 |
| **TOTAL** | **87.6** | | **$27,094.00** |

E.     **GENERAL ADMINISTRATION/APPLICATIONS TO COMPENSATE FSLC**

18.     During the Application Period, FSLC provided 82.5 hours of legal services to the

Trustee with respect to the presentation of the First Interim Application for Compensation with

Coversheet for Fox, Hefter, Swibel, Levin & Carroll, LLP [Dkt. 87] and the preparation of the

Second and Final Application for Compensation for Fox, Swibel, Levin & Carroll, LLP, for

which FSLC seeks allowance of $15,610.00.  Work in this category included time expended to

structure the fee application in the present format and prepare the spreadsheet attached as Exhibit

C hereto, so as to enable the court to more easily assess the cost/benefit of services provided the

estate.

| | HOURS | RATE | TOTAL FEES INCURRED |
|---|---|---|---|
| **Attorneys** | | | |
| N. Neville Reid (P) | 2.7 | $325 | $877.50 |
| Elizabeth G. Peterson (A) | 10.6 | $255 | $2,703.00 |
| **Paralegals** | | | |
| Andrew P. Cotter | 12.5 | $150 | $1,875.00 |
| Anabelle D. Bouse | 56.7 | $175/$185 | $10,154.50 |
| **TOTAL** | **82.5** | | **$15,610.00** |

### F.   GENERAL ADMINISTRATION/APPLICATION TO COMPENSATE KEN NOVAK

19.     During the Application Period, FSLC provided 43.1 hours of legal services to the Trustee with respect to presenting and responding to objections to the First Interim Application to Compensate Ken Novak & Associates, Inc. for time and expenses incurred as Collection Agent and Liquidation Consultant to the Trustee [Dkt. 62], for which FSLC seeks allowance of $9,599.50. This category also includes time incurred by FSLC in preparing KNA's second and final fee application, in a "cost-benefit" format more useful to the court and the US Trustee.

| | HOURS | RATE | TOTAL FEES INCURRED |
|---|---|---|---|
| **Attorneys** | | | |
| N. Neville Reid (P) | 7.4 | $325 | $2,405.00 |
| Ryan T. Schultz (P) | 5.1 | $315 | $1,606.50 |
| **Paralegals** | | | |
| Anabelle D. Bouse | 30.6 | $175/$185 | $5,588.00 |
| **TOTAL** | **43.1** | | **$9,599.50** |

### G.   GENERAL ADMINISTRATION/MOTION AND STIPULATIONS REGARDING 11 U.S.C. § 506(C)

20.     During the Application Period, FSLC provided 25.9 hours of legal services to the Trustee with respect to presenting and responding to objections to the Trustee's Motion for Order Pursuant to 11 U.S.C. § 721 Approving Retention of Certain of the Debtor's Former Agents as Ordinary Course Independent Contractors [Dkt. 61], and preparation and presentation of various

9

stipulations for which FSLC seeks allowance of $8,346.50. As a result of defeating such objections, the Trustee, through FSLC as aided by KNA, was able to negotiate a settlement in which the estate's Secured Lender limited its recovery from its cash collateral in the case so that the agents could receive a share of the commissions collected in the case from their respective closings, resulting an aggregate recovery to the agents of $267,852.

| | HOURS | RATE | TOTAL FEES INCURRED |
|---|---|---|---|
| **Attorneys** | | | |
| N. Neville Reid (P) | 18.8 | $325 | $6,110.00 |
| Ryan T. Schultz (P) | 7.1 | $315 | $2,236.50 |
| **TOTAL** | **25.9** | | **$8,346.50** |

## H.   GENERAL ADMINISTRATION

21.     During the Application Period, FSLC provided 134.5 hours of legal services to the Trustee with respect to the general administration of this case, for which FSLC seeks allowance of $34,643.50. The work in this category, which included general Rule 2004 discovery, benefitted all other parts of the case referenced above, including the recovery of commissions and circumventions, These general administrative services included preparation, filing and presentation of various motions including, but not limited to, the following:

a.      Notice of Motion and Routine Motion Rule 2004 Examination of Certain Persons and Entities [Dkt. 94];

b.      Notice of Motion and Second Motion to Authorize Trustee to Continue Operating Debtor's Business Through March 31, 2012 [Dkt. 97];

c.      Notice of Motion and Routine Third Supplemental Motion Rule 2004 Examination of Certain Persons and Entities [Dkt. 100];

d.      Notice of Motion and Routine Fourth Supplemental Motion Rule 2004 Examination of RE/MAX South Suburban [Dkt. 103]; and

e.      Various pleadings to (i) effect the transfer to the Illinois Secretary of State of monies that were held by the Trustee in escrow and that were not yet claimed by a buyer or seller from a transaction involving the Debtor and (ii) approve the destruction of unclaimed corporate records of the Debtor so as to avoid further storage costs.

|  | HOURS | RATE | TOTAL FEES INCURRED |
|---|---|---|---|
| **Attorneys** | | | |
| N. Neville Reid (P) | 21.4 | 325 | $6,955.00 |
| Martin Carroll (P) | .2 | $425 | $85.00 |
| Ryan T. Schultz (P) | 13.1 | $315/$335 | $4,150.50 |
| Brian J. Wilson (A) | .7 | $280 | $196.00 |
| Elizabeth G. Peterson (A) | 65.4 | $255/$275 | $17,371.00 |
| **Paralegals** | | | |
| Andrew P. Cotter | 7.7 | $150 | $1,155.00 |
| Anabelle D. Bouse | 26.0 | $175/$185 | $4,731.00 |
| **TOTAL** | **134.5** | | **$34,643.50** |

## I.      CLAIMS ADMINISTRATION

22.      During the Application Period, FSLC provided 45.4 hours of legal services to the Trustee with respect to the claims administration, for which FSLC seeks allowance of $10,059.50. These services include principally the review of agents' claims for commissions (for purposes of compliance with the agent retention program).

|  | HOURS | RATE | TOTAL FEES INCURRED |
|---|---|---|---|
| **Attorneys** | | | |
| N. Neville Reid | 11.4 | $325 | $3,705.00 |
| Ryan T. Schultz | 2.8 | $315 | $882.00 |
| Elizabeth G. Peterson | 6.9 | $255/$275 | $1,827.50 |
| **Paralegal** | | | |
| Andrew P. Cotter | 24.3 | $150 | $3,645.00 |
| **TOTAL** | **45.4** | | **$10,059.50** |

## APPROPRIATENESS OF FEES

23.    The total amount of fees sought by FSLC for professional services in this Application is $132,575.00.

24.    The professional services provided by FSLC to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the stabilization of the Debtor's business (*see* ¶¶ 9-12 above) and administration of the Estate, and were in the best interests of the Estate and the creditors. As shown above, the benefits of the services rendered far exceeded the costs of providing such services.  Compensation for the services provided by FSLC is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved.  FSLC undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort.

25.    FSLC's fees are recorded in a computerized time record system, from which the billing records attached to this Application as Exhibit B were generated.  FSLC has reviewed the billing records to ensure their accuracy.

26.    FSLC's billing rates for the matters set forth in this Application are consistent with reasonable and customary rates among attorneys and paralegals for the work performed (except that Neville Reid voluntarily discounted his rate during the Application Period as an accommodation to the estate – see note 4 above).

27.    FSLC's requested fees are awardable pursuant to Section 330 of the Bankruptcy Code as reasonable and necessary expenses incurred for the administration of the Debtor's Estate.

### FSLC EXPENSE POLICIES

28.     FSLC charges clients for actual out-of-pockets expenses it incurs on their behalf such as travel, postage, outside copying costs, outside vendor costs, and court fees.  FSLC typically does not charge for internal photocopying costs or phone charges, and no such expenses are sought in this application.

29.     The expenses sought by FSLC in this Application relate to FedEx charges ($758.50); postage ($71.72); messenger service ($9.66); the charge for special process service ($55.00); Westlaw online legal research charges for August 2011, September 2011, March 2012, April 2012, May 2012, July 2012, October 2012 and November 2012 ($1,670.71); and PACER online research charges for the third quarter of 2011, fourth quarter of 2011, first quarter of 2012, the fourth quarter of 2012 and the first quarter of 2013 ($164.60). These expenses were necessary and benefited the Estate.  The total amount of out-of-pocket expenses for which FSLC seeks reimbursement is $2,730.19.

30.     FSLC's requested expenses are awardable pursuant to Section 330 of the Bankruptcy Code as actual, necessary expenses incurred for the administration of the Estate.

### SUMMARY OF FEES

31.     FSLC applies for an administrative claim in the amount of $135,305.19, consisting of $132,575.00 in fees and $2,730.19 in expenses incurred during the Application Period.

### NOTICE

32.     Pursuant to Bankruptcy Rule 2002(a), more than twenty-one days' notice of this Application has been given to: (a) the Debtor; (b) the Debtor's counsel; (c) the United States Trustee for the Northern District of Illinois; (d) all creditors; and (e) all other parties set up to

receive notice through the Court's ECF filing system.  In light of the nature of the relief requested, the Trustee submits that no further notice is required.

WHEREFORE, FSLC requests entry of an order allowing it an administrative claim in the amount of $135,305.19 and allowing the Trustee to pay the same to FSLC.

Dated: September 12, 2013                          Respectfully submitted,

                                                   **FOX, SWIBEL, LEVIN & CARROLL, LLP**

                                                   *By:     /s/ N. Neville Reid*
                                                            Fox, Swibel, Levin & Carroll, LLP,
                                                            General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201