UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
P&P REALTY, INC. § Case No. 11-18133
§
Debtor(s) §

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

   Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that N. Neville Reid, Trustee, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

   The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

   Clerk for the U.S. Bankruptcy
   Northern District of Illinois
   219 South Dearborn Street
   Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:30 AM on 10/09/2013 in Courtroom 742,

   United States Bankruptcy Courthouse
   219 S. Dearborn
   Chicago, IL 60604

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 09/12/2013   By: N. Neville Reid
                Trustee


N. Neville Reid, Trustee
200 W. MADISON, SUITE 3000
CHICAGO, IL 60606

**UNITED STATES BANKRUPTCY COURT**
NORTHERN **DISTRICT OF** ILLINOIS
EASTERN **DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| | § | |
| P&P REALTY, INC. | § | Case No. 11-18133 |
| | § | |
| | § | |
| Debtor(s) | § | |

**SUMMARY OF TRUSTEE'S FINAL REPORT
AND APPLICATIONS FOR COMPENSATION**

The Final Report shows receipts of $

and approved disbursements of $

leaving a balance on hand of[1] $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000003 | First Midwest Bank | $ | $ | $ | $ |

Total to be paid to secured creditors $_____

Remaining Balance $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: N. Neville Reid, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: Fox Swibel Levin & Carroll, LLP | $ | $ | $ |
| Attorney for Trustee Expenses: Fox Swibel Levin & Carroll, LLP | $ | $ | $ |
| Accountant for Trustee Fees: Popowcer Katten, Ltd. | $ | $ | $ |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (5/1/2011) *(Page: 2)*

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Accountant for Trustee Expenses: Popowcer Katten, Ltd. | $ | $ | $ |
| Other: International Sureties, Ltd. | $ | $ | $ |
| Other: Aggregate 35% Dividend Distribution | $ | $ | $ |
| Other: Ken Novak & Associates, Inc. | $ | $ | $ |
| Other: Ken Novak & Associates, Inc. | $ | $ | $ |
| Other: Ken Novak & Associates, Inc. | $ | $ | $ |
| Other: Ken Novak & Associates, Inc. | $ | $ | $ |
| Other: Fox, Swibel, Levin & Carroll, LLP | $ | $ | $ |
| Other: Fox, Swibel, Levin & Carroll, LLP | $ | $ | $ |
| Other: Nisen & Elliott, LLC | $ | $ | $ |
| Other: Nisen & Elliott, LLC | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000004 | John Charleston, Inc. | $ | $ | $ |
| 000008 | JHS Properties, Inc. | $ | $ | $ |
| 000009 | Superstar Enterprises, Inc. | $ | $ | $ |
| 000010 | Sheila Yakutis | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000011 | Carol O'Neill | $ | $ | $ |
| 000012 | Linda Dore | $ | $ | $ |
| 000013 | Stephen G Harris | $ | $ | $ |
| 000014 | Bruce LaHa | $ | $ | $ |
| 000017 | Patricia Wyrick | $ | $ | $ |
| 000018 | Judi Newman | $ | $ | $ |
| 000020 | Sherry Justice | $ | $ | $ |
| 000021 | Vern Ohlson | $ | $ | $ |
| 000022 | Michael Dolce | $ | $ | $ |
| 000024 | Ruth Hanna | $ | $ | $ |
| 000025 | Karen Foster | $ | $ | $ |
| 000027 | Michael Mondello | $ | $ | $ |
| 000028 | Darrell Johnson | $ | $ | $ |
| 000029 | Tim Witkowski | $ | $ | $ |
| 000030 | Mondello Real Estate Group, Inc. | $ | $ | $ |
| 000031 | Karen Irace | $ | $ | $ |
| 000033 | Zelia Cato | $ | $ | $ |
| 000034 | Jane Blankshain | $ | $ | $ |
| 000035 | Bev A Labuda dba BLKK Enterprises Inc | $ | $ | $ |
| 000036 | Sharon Krywanio | $ | $ | $ |
| 000037 | Carol Heine | $ | $ | $ |
| 000038 | Susan Bernovich | $ | $ | $ |
| 000039 | Robert Moss | $ | $ | $ |
| 000040 | Margaret Alexa | $ | $ | $ |
| 000041 | Patrick Zomparelli | $ | $ | $ |
| 000042 | Becky Howard | $ | $ | $ |
| 000043A | Jay Mishur | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000043B | Jay Mishur | $ | $ | $ |
| 000044A | Kathy Toscas | $ | $ | $ |
| 000044B | Kathy Toscas | $ | $ | $ |
| 000045A | James Kennedy JPK Capital Ltd | $ | $ | $ |
| 000045B | James Kennedy JPK Capital Ltd | $ | $ | $ |
| 000046 | Maria Li Mandri-Vaagen | $ | $ | $ |
| 000047 | Robert Groark | $ | $ | $ |
| 000049 | Ian Realty Inc | $ | $ | $ |
| 000050 | Ruben Vallejo | $ | $ | $ |
| 000051 | Bill Weber | $ | $ | $ |
| 000052 | Janis Bray | $ | $ | $ |
| 000053 | Kevin Burke Investments, Inc. | $ | $ | $ |
| 000054 | Jose Tovar | $ | $ | $ |
| 000055 | James Tammaro | $ | $ | $ |
| 000056 | Brandi Orlando | $ | $ | $ |
| 000058 | Clifford Rago | $ | $ | $ |
| 000059 | Patricia Vallejo | $ | $ | $ |
| 000060 | Barbara Brink | $ | $ | $ |
| 000061 | Dave Manson | $ | $ | $ |
| 000062A | Patricia Vallejo | $ | $ | $ |
| 000062B | Patricia Vallejo | $ | $ | $ |
| 000063 | Jim Nealis | $ | $ | $ |
| 000064 | The G-Slow Real Estate Team, Inc. | $ | $ | $ |
| 000065 | Dahoud Shalabi | $ | $ | $ |
| 000067 | James LaHa | $ | $ | $ |
| 000068 | Warren De Vries | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000069 | Kelly Ryan | $ | $ | $ |
| 000070 | Raymond Kennedy | $ | $ | $ |
| 000071 | Spero Speropoulos | $ | $ | $ |
| 000072 | Catherine Maier | $ | $ | $ |
| 000073 | Team Realty Group Inc | $ | $ | $ |

Total to be paid to priority creditors         $_____

Remaining Balance                              $_____

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | General Electric Capital Corp | $ | $ | $ |
| 000002 | Roaring Fork Capital Partners | $ | $ | $ |
| 000005 | Madonna Egan | $ | $ | $ |
| 000006 | Roger & Carol Hug | $ | $ | $ |
| 000007 | US Bancorp Equipment Finance, Inc. | $ | $ | $ |
| 000015 | Jamie Turner | $ | $ | $ |
| 000016 | Linda Griffin | $ | $ | $ |
| 000019 | Paul Newman | $ | $ | $ |
| 000023 | Barbara Brink | $ | $ | $ |
| 000026 | Ronda Wallace | $ | $ | $ |
| 000032 | S&R Realty Co | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000048 | Burdell Associates, Inc. d/b/a Commission Express | $ | $ | $ |
| 000057 | Coventry II DDR/Tucker Marley Creek | $ | $ | $ |
| 000066 | Warren De Vries | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

Prepared By: /s/N. Neville Reid
Trustee

N. Neville Reid, Trustee
200 W. MADISON, SUITE 3000
CHICAGO, IL 60606

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.